MICHAEL WOLCOWICZ, Plaintiff-Appellant, v. INTERCRAFT INDUS-TRIES CORPORATION, Defendant-Appellee (Bela Toth *et al.*, Defendants).

First District (1st Division)   No. 83—2362

Opinion filed May 7, 1985.—Rehearing June 7, 1985.

158

Michael J. Walkup, of Chicago, for appellant.

McKenna, Storer, Rowe, White & Farrug, of Chicago (James P. DeNardo, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff Michael Wolcowicz appeals from the dismissal of his retaliatory discharge action against defendant Intercraft Industries Corporation (Intercraft). At issue is (1) the factual and legal sufficiency of the allegations in plaintiff's complaint and (2) whether his action is precluded by a severance agreement or by his acceptance of the benefits of the agreement.

In count I of his complaint, filed on November 12, 1982, Michael Wolcowicz alleged that on August 26, 1980, he was working for Intercraft when he suffered a work-related heart attack during an argument with his supervisor concerning plaintiff's work duties. He did not return to work until November 17, 1980. On the following day, he allegedly fell at work and injured his back. When he again returned to work on November 19, 1980, he was escorted by his supervisor to the personnel office, where he was told to sign a "severance agreement" which terminated plaintiff's employment and provided that, in return for one year's salary and benefits, plaintiff would waive any "further recourse or claim against Intercraft beyond the stated [one year] time period." Plaintiff also alleged that defendant knew that he could not read or write the English language. He also alleged that the contents of the severance agreement were never read to or explained to him. Wolcowicz further alleged that he was discharged "for the purpose of preventing the plaintiff from pursuing his right under the provisions of the Illinois Workers' Compensation Act." (Ill. Rev. Stat. 1975, ch. 48, par. 138 et seq.) (the Act). The above stated allegations were incorporated by reference in count II of the complaint, which sought punitive damages on the grounds that the termination was done wilfully and maliciously. Plaintiff does not contest the dismissal of count II.

In addition, the record indicated that Wolcowicz had received his salary and benefits from Intercraft during the three months prior to his discharge while he was recuperating from his heart attack. Plaintiff also received the money due under the severance agreement. Wolcowicz eventually filed a workers' compensation claim on December 1, 1981.

The first question for resolution is whether the trial court properly dismissed the complaint. The trial court found that plaintiff's al-

legation that he was discharged "for the purpose of preventing the plaintiff from pursuing his rights under the [Act]" was conclusory due to the lack of facts showing that intent on the part of defendant.

A complaint is insufficient if it states mere conclusions, whether of law or fact. (*Borushek v. Kincaid* (1979), 78 Ill. App. 3d 295, 397 N.E.2d 172.) But conclusory statements which are supported by specific factual allegations will be sufficient to withstand a motion to dismiss. (See *Denkewalter v. Wolberg* (1980), 82 Ill. App. 3d 569, 402 N.E.2d 885.) Moreover, the complaint must be viewed as a whole and liberally construed with a view toward doing substantial justice between the parties. (*Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 390 N.E.2d 428; Ill. Rev. Stat. 1983, ch. 110, par. 2–603(c).) In reviewing a trial court's dismissal of a complaint, all well-pleaded facts and all reasonable inferences which can be drawn from the language of the complaint are taken as true. *Lucchetti v. Lucchetti* (1980), 82 Ill. App. 3d 630, 402 N.E.2d 854.

Here, plaintiff alleged that, only two days after suffering his second job-related injury in six months, he was fired without any reason being given. At the time of his discharge, while still recovering from his injuries, he was told to sign a document waiving all claims against defendant. Defendant allegedly knew that plaintiff could not read the waiver document and did not explain it to him. From these circumstances, a court could reasonably infer that defendant recognized that plaintiff could file a valid workers' compensation claim and sought to prevent that possibility by discharging him and having him sign the waiver document. Interpreting, as we must, the facts alleged in the complaint in a light most favorable to plaintiff (*Business Development Services, Inc. v. Field Container Corp.* (1981), 96 Ill. App. 3d 834, 836, 422 N.E.2d 86; *Sharps v. Stein* (1980), 90 Ill. App. 3d 435, 413 N.E.2d 75), we find that under the circumstances of this case plaintiff's factual allegations and their reasonable inferences are sufficient to show an improper intent on the part of the defendant.

A remaining question is whether the complaint states a cause of action. While a complaint must set out a cause of action to withstand a motion to dismiss (*Holton v. Resurrection Hospital* (1980), 88 Ill. App. 3d 655, 410 N.E.2d 969), a cause of action should not be dismissed on the pleadings unless no set of facts can be proved which will entitle plaintiff to recover. (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 187, 380 N.E.2d 790.) Lack of specificity is not necessarily grounds for dismissing a complaint if the crux of the claim is stated. (*Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 421 N.E.2d 876.) Wolcowicz maintains that

a cause of action for retaliatory discharge was stated even though he did not allege that he actually filed a workers' compensation claim subsequent to being terminated. A reasonable reading of plaintiff's complaint reveals the essence of his claim to be that he was discharged in order to deter him from exercising his statutory rights under the Act.

In *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353, the supreme court first recognized the tort of retaliatory discharge. While the plaintiff in that case had been terminated after filing a compensation claim, the court did not expressly limit the tort to that situation. Instead, the court based its recognition of the tort on the need to promote the public policy expressed in section 4(h) of the Workers' Compensation Act. (74 Ill. 2d 172, 181-82.) That section provides in relevant part:

"It shall be unlawful for any employer *** to interfere with, restrain or coerce an employee in any manner whatsoever in the exercise of the rights or remedies granted to him or her by this Act ***." (Ill. Rev. Stat. 1975, ch. 48, par. 138.4(h).)

In subsequent cases, the supreme court has expanded the retaliatory discharge action beyond the facts involved in *Kelsay*, yet public policy remains the cornerstone of the cause of action. See *Darnell v. Impact Industries, Inc.* (1984), 105 Ill. 2d 158; *Palmateer v. International Harvester* (1981), 85 Ill. 2d 124, 421 N.E.2d 876.

■ There is no requirement in Illinois that in order to state a viable cause of action for retaliatory discharge, a plaintiff must plead that he was discharged in retaliation for *filing* a workers' compensation claim. (*Burgess v. Chicago Sun-Times* (1985), 132 Ill. App. 181, 185.) As was clearly stated in *Palmateer*, the cause of action does not require that an adversarial relationship exist between an employer and employee. (85 Ill. 2d 124, 134.) It is sufficient that (1) plaintiff here was discharged because of his "activities" and (2) that discharge contravened public policy. 85 Ill. 2d 124, 134.

In *Kelsay* and its progeny, the supreme court has established that public policy is contravened when an employer discharges an employee because he previously filed a workers' compensation claim. (*Darnell v. Impact Industries, Inc.* (1984), 105 Ill. 2d 158.) We believe that the same public policy is equally violated when an employer preemptively fires an employee in order to deter him from exercising that right. In both situations, the employer is interfering with the employee's exercise of his rights in contravention of the public policy expressed in section 4(h) of the Act. In addition, recognizing a cause of action in the instant case is consistent with the pur-

pose of the tort, which is to curb an employer's power to terminate an employee when that power is exercised to prevent the employee from asserting his rights under the Workers' Compensation Act. *Mein v. Masonite Corp.* (1984), 124 Ill. App. 3d 617, 618, 464 N.E.2d 1137; *Darnell v. Impact Industries, Inc.* (1983), 119 Ill. App. 3d 763, 766-67, 457 N.E.2d 125, *affirmed* (1984), 105 Ill. 2d 158.

■ Plaintiff's cause of action is not precluded simply because he did not file a compensation claim until more than one year after he was terminated. Courts have recognized that unscrupulous employers may intimidate employees to keep them from exercising their rights under the Act and that an injured employee may well decide to succumb to his employer's intimidation if he has a family to feed or poor prospects for employment elsewhere. (*Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 181-82; *Leach v. Lauhoff Grain Co.* (1977), 51 Ill. App. 3d 1022, 1025, 366 N.E.2d 1145.) In situations where an employer allegedly fires an employee in order to prevent him from exercising his statutory rights, it would be anomalous to deny a cause of action simply because the discharge had its intended effect of causing the employee to postpone or forego the exercise of his rights. In light of these considerations and the need to promote the public policy expressed in the Workers' Compensation Act, we hold that the plaintiff's allegations state a cause of action.

■ The trial court dismissed plaintiff's action, in part, because he found the severance agreement was enforceable. We find that the waiver clause contained in the severance agreement is not, in and of itself, sufficient to sustain the motion to dismiss. A waiver is an intentional relinquishment of a known right. (*Pantle v. Industrial Com.* (1975), 61 Ill. 2d 365, 335 N.E.2d 491.) Accepting the truth of plaintiff's allegation that the contents of the agreement were never explained to him, we cannot say that plaintiff knew his rights or that he intended to relinquish them when he signed the severance agreement.

■ Although courts usually will not accept a party's claim that he signed an agreement or accepted the benefits of that agreement in ignorance of its true import (*Spina v. Spina* (1939), 372 Ill. 50, 22 N.E.2d 678), courts will not enforce the agreement when the actions of one party during the formation of the agreement deprived the other party of a meaningful choice and prevented him from learning the contents of the agreement. See *Frank's Maintenance & Engineering, Inc. v. C.A. Roberts Co.* (1980), 86 Ill. App. 3d 980, 989-90, 480 N.E.2d 403.

■ Moreover, the fact that one party signed the agreement and

accepted the benefits does not necessarily estop him from challenging the validity of the severance agreement where there is evidence of overreaching by the other party. (See *DeMarco v. University of Health Sciences/Chicago Medical School* (1976), 40 Ill. App. 3d 474, 352 N.E.2d 356, *appeal allowed* (1976), 64 Ill. 2d 595; see also *Ross v. City of Geneva* (1976), 43 Ill. App. 3d 976, 984-85, 357 N.E.2d 829, *aff'd* (1978), 71 Ill. 2d 27.) To establish estoppel by acceptance of benefits, the person to be estopped must have accepted the benefits with full knowledge of the facts. (See *Dale v. Groebe & Co.* (1981), 103 Ill. App. 3d 649, 653, 431 N.E.2d 1107; *Johnson v. Central Standard Life Insurance Co.* (1968), 102 Ill. App. 2d 15, 31-32, 243 N.E.2d 376; 18 Ill. L. & Prac. *Estoppel* sec. 23, at 84 (1956).) Here, plaintiff alleged that he had no knowledge of the contents of the agreement or the purpose for the checks. These allegations, when combined with the allegations that Intercraft used its superior bargaining position to impose the severance agreement on the elderly and illiterate plaintiff, indicate that plaintiff's failure to learn the real reason for the post-discharge checks was not so grossly negligent as to bar his action. See *Lincoln-Way Community High School District No. 210 v. Village of Frankfort* (1977), 51 Ill. App. 3d 602, 367 N.E.2d 318.

Because we find that plaintiff has demonstrated the possibility of recovery under the facts as pleaded, the trial court's dismissal cannot be sustained. (*Walker v. Rumer* (1978), 72 Ill. 2d 495, 502, 381 N.E.2d 689.) Therefore, the judgment and order of the trial court dismissing plaintiff's complaint is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

McGLOON, P.J., and BUCKLEY, J., concur.