RICHARD C. RICHARDSON, Plaintiff-Appellant, v. ILLINOIS BELL TELEPHONE COMPANY, Defendant-Appellee.

Second District   No. 2—86—1092

Opinion filed June 26, 1987.

J. Timothy Loats, of Aurora, for appellant.

Georgia J. Reithal, Edward A. Butts, and G. Robert Guritz, all of Illinois Bell Telephone Company, of Chicago, for appellee.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Richard C. Richardson, brought this action against defendant, Illinois Bell Telephone Company, to recover damages for a claimed retaliatory discharge. The trial court granted defendant's motion to dismiss on the ground that plaintiff's cause of action was preempted by section 301 of the Labor Management Relations Act (29 U.S.C. sec. 185(a) (1982)). Plaintiff appeals, contending that preemption is not warranted under the rationale of *Gonzalez v. Prestress Engineering Corp.* (1986), 115 Ill. 2d 1, 503 N.E.2d 308, *cert. pending* (filed March 14, 1987) Docket No. 86—1505.

Defendant employed plaintiff as a service technician until September 21, 1981, when plaintiff injured himself in the course of his employment and required extensive medical treatment. Defendant provided benefits to plaintiff pursuant to the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1981, ch. 48, par. 138.1 *et seq.*) and he was treated by Illinois Bell doctors, who kept him off work until June 12, 1982. During the time he was off, plaintiff continually questioned his supervisor, Mr. Barkei, whether any desk jobs existed which plaintiff could fill. Barkei said only that he was "checking into it." In June 1982, the doctors cleared plaintiff to return to work, but only for limited duty due to his continuing back problems. Plaintiff reported to work on June 15, 1982, but was immediately discharged. The reason given by defendant was that plaintiff had allegedly stolen company

property. While employed by defendant, plaintiff was a member of a union, the International Brotherhood of Electrical Workers, and was covered by a collective-bargaining agreement between the union and defendant which provided in part that a union member could not be discharged except for just cause.

On January 24, 1984, plaintiff filed his complaint in this action in which he alleged that defendant had terminated his employment, "and did further refuse to rehire or recall to active service, the Plaintiff, because of the exercise of his rights under the Workmans [*sic*] Compensation Act." The complaint sought recovery of lost wages plus punitive damages in unspecified amounts.

Defendant filed a motion to dismiss the complaint pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619) on the grounds that plaintiff's cause of action was preempted by section 301 of the Labor Management Relation Act. Following argument, the trial court granted the motion, relying on *Mitchell v. Pepsi-Cola Bottlers, Inc.* (7th Cir. 1985), 772 F.2d 342, *cert. denied* (1986), 475 U.S. 1047, 89 L. Ed. 2d 575, 106 S. Ct. 1266, and plaintiff appeals.

Subsequent to the filing of the notice of appeal in this case, the Illinois Supreme Court announced its decision in *Gonzalez v. Prestress Engineering Corp.* (1986), 115 Ill. 2d 1, 503 N.E.2d 308, in which the court held that the Illinois tort of retaliatory discharge is based on rights which are "firmly rooted in the clearly mandated public policy of this State" and, therefore, the cause of action is not preempted by Federal labor law. (115 Ill. 2d 1, 9-10, 503 N.E.2d 308.) Plaintiff contends that *Gonzalez* controls this case and that the trial court's order of dismissal must be reversed. Defendant argues that plaintiff's complaint does not really allege retaliatory discharge, but merely contests the validity of defendant's proffered reason for the firing, theft from the company. Defendant asserts that since such allegations can be determined only by reference to the collective-bargaining agreement, the cause of action is preempted by section 301.

■■ ■ The Illinois Supreme Court determined that a cause of action exists for a retaliatory discharge for exercising rights under the Workers' Compensation Act in *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 181, 384 N.E.2d 353. In *Midgett v. Sackett-Chicago, Inc.* (1984), 105 Ill. 2d 143, 149, 473 N.E.2d 1280, *cert. denied sub nom. Prestress Engineering Corp. v. Gonzalez* (1985), 472 U.S. 1032, 87 L. Ed. 2d 642, 105 S. Ct. 3513, the court held that the cause of action applied as well to unionized employees covered by a collective-bargaining agreement. Subsequently, in *Allis-Chalmers Corp. v. Lueck* (1985),

471 U.S. 202, 210-11, 85 L. Ed. 2d 206, 215, 105 S. Ct. 1904, 1911, the United Stated Supreme Court held that the Wisconsin tort of bad-faith handling of an insurance claim was preempted by section 301, finding that, under Wisconsin law, the cause of action depended upon interpretation of the "just cause" provision of a collective-bargaining agreement. The court noted that not every cause of action which tangentially involves the terms of a collective-bargaining agreement is necessarily preempted by section 301. Rather, State rules which establish rights and obligations independent of a labor contract are not preempted. (471 U.S. 202, 211-12, 85 L. Ed. 2d 206, 215-16, 105 S. Ct. 1904, 1911-12.) Following *Allis-Chalmers*, the Illinois Supreme Court held in *Bartley v. University Asphalt Co.* (1986), 111 Ill. 2d 318, 333, 489 N.E.2d 1367, that plaintiff's cause of action for civil conspiracy against his former employer and his union was preempted. In *Gonzalez*, however, the court found that the tort of retaliatory discharge is designed to protect rights derived from the public policy of this State and exists separate and apart from any rights created by a labor contract. *Gonzalez v. Prestress Engineering Corp.* (1986), 115 Ill. 2d 1, 9-10, 503 N.E.2d 308.

The issue in this appeal, then, is whether plaintiff's complaint states a cause of action for retaliatory discharge; if so, it should not have been dismissed. Defendant supported its motion to dismiss with excerpts from a deposition given by plaintiff in which he stated that the reason given for his termination was theft; that no one ever gave him a different reason; that he had never mentioned to anyone from the defendant company that he intended to file a workers' compensation claim and, in fact, he had never contemplated doing so until after his discharge; and that, following his discharge, he filed a grievance with the union but did not pursue it on the advice of his union steward. From these facts, defendant asks us to infer that defendant could not have terminated plaintiff for exercising his rights under the Workers' Compensation Act since he had not formed the intention to do so at that time. Defendant concludes that the real basis for plaintiff's complaint must be to test the validity of his discharge for theft and is preempted by section 301.

In determining whether a complaint alleges a claim for retaliatory discharge, the employer's proffered reason for the termination is not controlling. Rather, in deciding a motion to dismiss, all well-pleaded facts, as well as reasonable inferences therefrom, are taken as true. The complaint must be taken as a whole and liberally construed with a view toward doing justice between the parties. Conclusional statements accompanied by specific factual allegations may

be sufficient to withstand a motion to dismiss. (*Wolcowicz v. Intercraft Industries Corp.* (1985), 133 Ill. App. 3d 157, 160, 478 N.E.2d 1039.) Plaintiff's complaint relies primarily on the fact that plaintiff was under the care of defendant's doctors at the time of his discharge and was fired by defendant on the very day its doctors cleared him to return to limited duty work. A reasonable inference from these facts is that defendant feared plaintiff would file a claim for additional benefits for a long disability, and terminated him to prevent him from doing so. While other inferences are also possible, we must view the complaint in the light most favorable to the plaintiff. 133 Ill. App. 3d 157, 159-60, 478 N.E.2d 1039.

■ It is not necessary to the cause of action that plaintiff had actually filed his workers' compensation claim while employed by the defendant. "[T]here exists no requirement in Illinois that in order to state a viable cause of action for retaliatory discharge, a plaintiff must plead that he was discharged in retaliation for *filing* a Workers' Compensation claim." (Emphasis in original.) (*Burgess v. Chicago Sun-Times* (1985), 132 Ill. App. 3d 181, 185, 476 N.E.2d 1284.) In *Darnell v. Impact Industries, Inc.* (1984), 105 Ill. 2d 158, 473 N.E.2d 935, the supreme court extended the tort to cover an employee who was fired because she had filed a claim while working for a previous employer. In a case with facts similar to the present one, the Appellate Court for the First District held that the public policy effectuated by *Kelsey* and *Darnell* is also violated when an employer preemptively fires its employee to deter him from exercising his rights under the Act. (*Wolcowicz v. Intercraft Industries Corp.* (1985), 133 Ill App. 3d 157, 161-62, 478 N.E.2d 1039.) Finally, in reviewing a jury verdict the United States Court of Appeals for the Seventh Circuit recognized the extension of the tort to an employee discharged in anticipation of his exercising his rights. (*Horton v. Miller Chemical Co.* (7th Cir. 1985), 776 F.2d 1351, 1355, *cert. denied* (1986), 475 U.S. 1122, 90 L. Ed. 2d 186, 106 S. Ct. 1641.) The court held, however, that plaintiff's evidence was insufficient to show that the proffered reason for the discharge, plaintiff's medical inability to perform the heavy lifting required by the job, was pretextual. 776 F.2d 1356, 1358.

■ In the present case, as in *Wolcowicz*, but unlike *Horton*, there is no evidence that the proffered reason for the discharge is correct and, at this point in the proceedings, plaintiff has sustained his burden to allege a cause of action for retaliatory discharge. Of course, if defendant establishes that it had a basis for the theft charge, plaintiff's complaint would be reduced to an allegation that the basis was unreasonable and would be covered by the "just cause" provision of

the collective-bargaining agreement; plaintiff's cause of action would then be barred by his failure to exhaust his contract remedies. (See *Mitchell v. Pepsi-Cola Bottlers, Inc.* (7th Cir. 1985), 772 F.2d 342, 347.) If, on the other hand, plaintiff establishes that he was discharged in anticipation of his filing a workers' compensation claim, the cause of action is within the scope of *Gonzalez*. We can see no reason to distinguish *Gonzalez* on the basis that the plaintiff there had already filed his claim, as the same public policy supports the cause of action in either case. See *Wolcowicz v. Intercraft Industries Corp.* (1985), 133 Ill. App. 3d 157, 161-62, 478 N.E.2d 1039.

Since plaintiff's complaint states a cause of action for retaliatory discharge, it is controlled by *Gonzalez* and is not preempted and, accordingly, the judgment of the circuit court dismissing the complaint will be reversed and the cause remanded for further proceedings.

Reversed and remanded.

HOPF and WOODWARD, JJ., concur.