**Clarence GOLKE, Plaintiff,**

v.

**LEE LUMBER & BUILDING MATERIALS CORPORATION, Defendant.**

**No. 87 C 6235.**

United States District Court, N.D. Illinois, E.D.

Oct. 20, 1987.

Richard H. Balog, St. Charles, Ill., for plaintiff.

Edward A. Cohen, John R. Spitzig, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Defendant, Lee Lumber & Building Materials Corporation ("Lee Lumber") has filed a petition seeking to remove this action from the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1441. Plaintiff, Clarence Golke ("Golke"), has filed a motion to remand. For the reasons set forth below, we grant Golke's motion to remand.

## I. FACTS

On July 11, 1984, Golke filed a one-count complaint against Lee Lumber in the Circuit Court of Cook County, Illinois. In the complaint, Golke alleged that he had been "wrongfully discharged" by Lee Lumber for filing a workers' compensation claim, in violation of the Workers' Compensation Act, Ill.Rev.Stat. ch. 48, ¶ 138.4(h) (1985). Although the pleadings before the Court do not reveal the precise date on which the complaint was served, they do disclose that an Appearance was filed in the state court on behalf of Lee Lumber on October 29, 1984. Thus, service on Lee Lumber was presumably effected between July 11, 1984 and October 29, 1984.

At some point thereafter, (again, the exact date is not disclosed), Lee Lumber filed a motion to dismiss the complaint. The state court granted the motion with leave to amend.

On June 15, 1987, Golke filed an amended complaint consisting of four counts. In two of the four counts (I and III), Golke essentially realleged his wrongful discharge claim. In the remaining two counts (I and IV), he appeared to allege a statutory violation of the Workers' Compensation Act, Ill.Rev.Stat. ch. 48, ¶ 138.4(h) (1985).

Within thirty days after the filing of the amended complaint, Lee Lumber filed its petition for removal, asserting that Golke's amended complaint for the first time purported to state a claim for retaliatory discharge, which was preempted by § 301 of the National Labor Relations Act, 29 U.S.C. § 185(a), and was, therefore, removable pursuant to 28 U.S.C. § 1441. Golke thereafter filed his motion to remand, contending that Lee Lumber's petition for removal was untimely since Golke's initial com-

plaint, filed on July 11, 1984, asserted a claim for retaliatory discharge.

## II. DISCUSSION

At issue is the timeliness of Lee Lumber's removal petition. Section 1446(b) of the removal statute governs the issue of timeliness and provides in relevant part:

> The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....
>
> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

■ A resolution of the timeliness issue necessarily hinges upon whether the plaintiff's *initial* complaint stated a claim for retaliatory discharge [1] under Illinois law. If we find that it did so, the first paragraph of section 1446(b) applies; if not, the second paragraph applies.

The tort of retaliatory discharge originated in *Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 384 N.E.2d 353, 23 Ill.Dec. 559 (1978). In *Kelsay*, the Illinois Supreme Court held that an employee who was discharged in retaliation for filing a workers' compensation claim had a cause of action in tort against her former employer. *Id.* 384 N.E.2d at 358–59, 23 Ill.Dec. at 564–65. Subsequent decisions have refined the concept of retaliatory discharge by defining its parameters in particular factual settings.

*See, e.g., Palmateer v. International Harvester Co.*, 85 Ill.2d 124, 421 N.E.2d 876, 52 Ill.Dec. 13 (1981); *Petrik v. Monarch Printing Corp.*, 111 Ill.App.3d 502, 444 N.E.2d 588, 67 Ill.Dec. 352 (1st Dist.1982). Throughout this process, the courts have identified two elements necessary to state a viable cause of action for retaliatory discharge under Illinois law: (1) the discharge of an employee in retaliation for his activities, (2) in contravention of a clearly mandated public policy. *Wolcowicz v. Intercraft Industries Corp.*, 133 Ill.App.3d 157, 478 N.E.2d 1039, 88 Ill.Dec. 431 (1st Dist. 1985); *Wheeler v. Caterpillar Tractor Co.*, 123 Ill.App.3d 539, 462 N.E.2d 1262, 78 Ill.Dec. 908 (4th Dist.1984), *rev'd. on other grounds*, 108 Ill.2d 502, 485 N.E.2d 372, 92 Ill.Dec. 561 (1985), *cert. denied*, 475 U.S. 1122, 106 S.Ct. 1641, 90 L.Ed.2d 187 (1986).

■ An examination of Golke's initial complaint reveals that these two key elements were alleged adequately, though somewhat inartfully. Specifically, Golke alleged that he was "wrongfully discharged" by Lee Lumber for filing a workers' compensation claim. *See* Complaint, ¶¶ 9–10. He also alleged that his discharge was "in direct violation of" Section 138.4(h) of the Workers' Compensation Act, Ill.Rev. Stat. ch. 48, ¶ 138.4(h) (1985). *See* Complaint, ¶¶ 11–12. That section embodies the public policy which prohibits an employer from retaliating against an employee for filing a workers' compensation claim. Under *Kelsay* and its progeny, these allegations are sufficient to state a claim for retaliatory discharge under Illinois law. [2]

While we believe that Golke's initial complaint may have impermissibly attempted to combine a cause of action for retaliatory discharge with a cause of action based upon a statutory violation of the Workers' Compensation Act, we cannot say that the

---

1. Throughout this opinion, the terms "wrongful discharge" and "retaliatory discharge" will be used interchangeably.

2. Although Lee Lumber successfully moved to dismiss the initial complaint on the grounds that it attempted to allege a statutory violation of the Workers' Compensation Act where no private civil right of action exists, we believe the

allegations, as pleaded, sufficiently stated a cause of action for retaliatory discharge. In any event, we are not bound by the state court's characterization of Golke's claim. *See Lingle v. Norge Division of Magic Chef, Inc.*, 823 F.2d 1031, 1037, 1039 (7th Cir.1987), *cert. granted*, —— U.S. ——, 108 S.Ct. 226, 98 L.Ed.2d 185 (1987).

key elements of a retaliatory discharge claim were not present in Golke's initial complaint. Nor can we say that Lee Lumber had "no clue" that Golke's initial complaint attempted to state a cause of action for retaliatory discharge. *See Kanter & Eisenberg v. Madison Associates,* 602 F.Supp. 798, 801 (N.D.Ill.1985); *Kaneshiro v. North American Company For Life and Health Insurance,* 496 F.Supp. 452, 462 (D.Haw.1980).

A comparison of the initial complaint and the amended complaint bears out this conclusion. A close scrutiny of the amended complaint reveals that the content and substance of the initial complaint remained unchanged. Golke employed the same phraseology in both complaints. In fact, Golke's amendment did not alter the complexion of his cause of action as originally pleaded; it merely segregated his cause of action into four different counts. Under these circumstances, we conclude that the *initial* complaint, although arguably, inartfully pleaded, fairly stated a colorable claim for retaliatory discharge.

■ Since we have concluded that Golke's initial complaint fairly stated a claim for retaliatory discharge, the first paragraph of Section 1446(b) applies. According to the dictates of that paragraph, Lee Lumber should have filed its removal petition within thirty days of receiving Golke's initial complaint. As mentioned previously, although the pleadings before the Court do not pinpoint the precise date on which Lee Lumber was served with the initial complaint, service could not have occurred any later than October 29, 1984, the date on which Lee Lumber's Appearance was filed in state court. Obviously, Lee Lumber's removal petition, filed on July 14, 1987, falls well outside of the thirty day limitation period prescribed in 28 U.S.C. § 1446(b). This limitation period is mandatory and strict compliance is required. *See Dial–In, Inc. v. ARO Corp.,* 620 F.Supp.

27, 29 (N.D.Ill.1985); *Ortiz v. General Motors Acceptance Corporation, Inc.,* 583 F.Supp. 526, 529–30 (N.D.Ill.1984); *Perrin v. Walker,* 385 F.Supp. 945, 948 (E.D.Ill. 1974). Accordingly, we hold that Lee Lumber's petition for removal was untimely and we grant Golke's motion to remand this action to the Circuit Court of Cook County, Illinois. Because we conclude that this action was not properly removed, we need not reach the issue of preemption.[3]

### III. CONCLUSION

For the reasons set forth in this opinion, this action is remanded to the Circuit Court of Cook County, Illinois for further proceedings. Any costs to be awarded pursuant to 28 U.S.C. § 1446(d) shall be determined by the state court.

IT IS SO ORDERED.

---

**3.** We agree with Lee Lumber's assertion that Golke's retaliatory discharge claim is preempted under *Lingle.* But *Lingle* indicates that the first question to be decided is whether removal is proper. *Lingle,* 823 F.2d at 1038. Since we have decided that removal was improper in this

case, we need not reach the preemption issue. That issue, however, may still be raised by Lee Lumber in a motion to dismiss the state court action, provided that on appeal, the United States Supreme Court upholds the Seventh Circuit's ruling in *Lingle.*