**Joseph CANNELLA, Plaintiff,**

v.

**CORDELL ENTERPRISES, Defendant.**

No. 97 C 5362.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 7, 1997.

Stuart Joseph Bobrow, Michelle M. Klute, Law Offices of Stuart J. Bobrow & Associates, Chicago, IL, for Plaintiff.

Susan M. Benton–Powers, Susan Helene Rider, Sonnenschein, Nath & Rosenthal, Chicago, IL, for Defendant.

## MEMORANDUM AND ORDER

.LINDBERG, District Judge.

Plaintiff, Joseph Cannella, filed a complaint alleging claims against defendant, Cordell Enterprises, for age discrimination (Count I), wrongful discharge for plaintiff's planning to file a workers' compensation claim (Count II), and intentional infliction of emotional distress resulting from the allegedly wrongful discharge (Count III). Defendant has filed a motion to dismiss the complaint for failure to state a claim. FRCP 12(b)(6).

The Seventh Circuit has said:

Rule 8(a) of the Federal Rules of Civil Procedure says that a complaint must identify the basis of jurisdiction and contain "a short and plain statement of the claim showing that the pleader is entitled to relief." ... Complaints should be short and simple, giving the adversary notice while leaving the rest to further documents....

... A complaint under rule 8 limns the claim; details of both fact and law come later, in other documents. Instead of asking whether the complaint points to the appropriate statute, a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations ...

... Complaints in a system of notice pleading initiate the litigation but recede into the background as the case progresses. Later documents, such as the pre-trial order under Rule 16(e), refine the claim; briefs and memoranda supply the legal arguments that bridge the gap between facts and judgments.

Plaintiffs can plead themselves out of court.

*Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1077–78 (7th Cir.1992).

Moreover:

Whether language in a complaint "can be interpreted" as deficient is immaterial. Unlike insurance contracts, complaints are construed favorably to their drafters.... Rule 8 establishes a system of notice pleading. A complaint need not narrate all relevant facts or recite the law; all it has to do is set out a claim for relief.... Over and over, appellate courts insist that a complaint not be dismissed unless no relief may be granted "under any set of facts that could be proved *consistent* with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (emphasis added)....

. A plaintiff need not put all of the essential facts in the complaint. He may add them by affidavit or brief—even a brief on appeal. *Hrubec v. National Railroad Passenger Corporation,* 981 F.2d 962, 963–64 (7th Cir.1992).

■ Defendant contends that Count II fails to state a claim because:

Although Count II alleges that Cannella was employed by Cordell prior to the injury, Cannella fails to allege that he exercised a right guaranteed by the IWCA [Illinois Workers Compensation Act].... Indeed, Cannella specifically alleges that he "planned to file" a workers' compensation claim.... Such an allegation is clearly insufficient to state a claim for retaliatory discharge under the IWCA.

In other words, it is defendant's position that firing a worker because he is going to file a workers compensation claim is not actionable under the IWCA, even though firing that worker for actually filing a workers compensation claim would be actionable. What is more, defendant contends that the Seventh Circuit's opinion in *Sweat v. Peabody Coal Co.,* 94 F.3d 301 (7th Cir.1996), supports this proposition.

Defendant argues:

· Like Cannella, the plaintiff in *Sweat* pleaded that he was discharged in retalia-

tion for exercising his rights under the statute. *Id.* at 305. However, the plaintiff had not filed his workers' compensation claim until after he had already been terminated, The Seventh Circuit Court of Appeals granted the defendant summary judgment. *Id.* The court reasoned that the plaintiff's retaliatory discharge claim would be impossible to prove because he did not file his claim until after his discharge, thus, he could not have been terminated for filing the claim. *Id.* In this case, Cannella *never filed* a workers' compensation claim. His mere allegation that he planned to do so, without more, is insufficient to state a claim upon which relief can be granted.

Defendant ignores the difference in the procedural postures of *Sweat* and the case at bar; inaccurately states the Seventh Circuit's holding in *Sweat;* and deceptively omits vital portions of the Seventh Circuit's reasoning that are directly applicable to the issue raised at bar.

First, procedurally, the cases are quite distinct. Before this court is defendant's Rule 12(b)(6) motion to dismiss the complaint. Before the Seventh Circuit in *Sweat* was a motion for summary judgment. The Seventh Circuit did not say that the claim should have been dismissed; only that summary judgment for defendant was proper. The distinction is enormous.

Second, defendant is extremely inaccurate in stating the holding of the Seventh Circuit, and in omitting crucial parts of the Seventh Circuit's reasoning directly applicable to the case at bar.

The trouble starts with the obvious, although not crucial, observation that the Seventh Circuit did not "grant[ ] the defendant summary judgment." Rather, it affirmed the judgment of the district court which had granted the defendant summary judgment.

Of more moment, in *Sweat* the Seventh Circuit stated:

In his complaint, Sweat alleges that "Plaintiff filed a Workmans Compensation claim against Defendant on [sic] July, 1989," and that "[t]he Plaintiff's discharge from his employment was a direct result of

the Plaintiff's claim of workman's compensation relief against Defendant." Thus, on its face, the complaint appears to charge that Sweat was fired in retaliation for filing the July 1989 claim for benefits. Of course, such an assertion would be impossible to prove because Sweat did not file this claim until after he had already been terminated, and thus he could not have been terminated as a result of his filing the claim....

*Sweat v. Peabody Coal Co.,* 94 F.3d 301, 305 (7th Cir.1996). This is the passage on which defendant principally relies for its argument in the case at bar. At no point does the Seventh Circuit reason that "the plaintiff's retaliatory discharge claim would be impossible to prove because he did not file his claim until after his discharge, thus, he could not have been terminated for filing the claim." The court only states that "such an assertion would be impossible to prove," not such a claim as defendant would have it. On a more general level, at no point does the Seventh Circuit premise its approval of the lower court's grant of summary judgment upon this reasoning.

The two paragraphs immediately following the one on which defendant relies are necessary to understand the true basis of the Seventh Circuit's decision in *Sweat:*

Nevertheless, because the language of the complaint states that Sweat's termination was "a direct result of the Plaintiff's claim," as opposed to "a direct result of the Plaintiff's *filing* the claim," we, like the district court, will afford the complaint a more liberal construction. The Illinois courts have recognized instances of retaliatory discharge not only where the plaintiff is fired for filing a workers' compensation claim, but also where the plaintiff is preemptively fired in order to prevent him from filing a claim under the Act. *See Richardson v. Illinois Bell Tel. Co.,* 156 Ill.App.3d 1006, 109 Ill.Dec. 513, 515–16, 510 N.E.2d 134, 136–37 (1987); *Wolcowicz v. Intercraft Indus. Corp.,* 133 Ill.App.3d 157, 88 Ill.Dec. 431, 434, 478 N.E.2d 1039, 1042 (1985).

But Sweat's claim fails under even this more expansive reading. The district

court found, and we agree, that Sweat has not adduced any evidence at all supporting the contention that Peabody terminated him in order to deter him from filing his claims. There is no evidence in the record that Peabody knew or even suspected that Sweat might file a workers' compensation claim . . . . In fact, it is undisputed that Sweat did not retain an attorney or consider filing a claim for benefits until after he had already left work. Even if, for some reason, Peabody had predicted that Sweat might make a filing that he himself had not yet considered making, the evidence does not give any indication that Peabody might fire Sweat in an attempt to prevent his doing so. Thus, Sweat has failed to demonstrate a genuine issue of fact concerning whether Peabody's terminating him was causally related to his filing, or even his intention to file, a claim under the Act.

*Sweat v. Peabody Coal Co.,* 94 F.3d 301, 305 (7th Cir.1996). Thus, the Seventh Circuit interpreted Sweat's complaint not to make the impossible claim on which defendant claims summary judgment against Sweat was premised, but to make the entirely possible claim that Sweat was preemptively fired to prevent his filing a claim under the IWCA. Summary judgment was premised upon Sweat's failure to adduce evidence in support of this claim.

In the case at bar, the complaint alleges:

16. Defendant unlawfully and wrongfully discharged plaintiff because plaintiff suffered a work-related injury and planned to file a claim for workers' compensation, as a result of being injured "in the course of" and "in the scope of" his employment with Defendant which is in violation of stated public policy of the State of Illinois as embodied in Chapter 48, Illinois Revised Statutes, para. 138.1 et seq. (820 ILCS 305/2).

Thus, plaintiff alleges that "Defendant ... discharged plaintiff because plaintiff ... planned to file a claim for workers' compensation." It is not possible to much more directly allege the claim the court recognized as valid in *Sweat,* and there most certainly is a set of facts which could be proved consistent with the allegations of the complaint that would entitle plaintiff to relief. Since we are at the claim alleging rather than the claim proving stage, it is unnecessary to consider whether plaintiff will be able to survive a motion for summary judgment or prevail at trial on this claim. . .

■ Count III alleges:

18–23. Plaintiff realleges and reaffirms paragraphs 11–16 of Count II [for wrongful discharge in retaliation for plaintiff's planning to file a workers' compensation claim] of Plaintiff's complaint at Law as paragraphs 18–23 of Count III of Plaintiff's Complaint at Law.

24. As a direct and proximate result of Defendants' said wrongful discharge of Plaintiff, Plaintiff has suffered physical harm, has been humiliated and publicly embarrassed and has suffered mental stress and anguish.

25. Defendants knew or reasonably should have known that said wrongful discharge of Plaintiff would cause Plaintiff to suffer severe mental stress and anguish.

Defendant argues that Count III should be dismissed for three reasons. First, defendant contends the claim is barred by the exclusivity provisions of the IWCA. However, all of the allegations in Count III and Count II are that defendant, the employer, and not some co-employee did the various things alleged to have caused the emotional distress. Consistent with these allegations, plaintiff could prove that the actors were persons whose actions were attributable to the employer. If that were proved, the IWCA might very well not bar the claim. Therefore, plaintiff might well be able to prove a set of facts consistent with the allegations of Count III on which plaintiff could prevail at trial. Second, defendant contends the claim is barred by the exclusivity provisions of the Illinois Human Rights Act IHRA. However, the claim of Count III is not premised upon the acts constituting age discrimination alleged in Count I; but rather on the acts constituting wrongful discharge alleged in Count II. Therefore, the exclusivity provisions of the IHRA do not bar the claim made in Count III. Third, defendant contends that Count III's claim for intentional infliction of emotional distress "is also insufficiently

pleaded under Illinois law." Defendant states that:

> Cannella has not alleged anything nearly as extreme as the conduct in these cases [which defendant previously cited and discussed]. His allegations reduce to no more than a statement that as a result of his discharge, he suffered physical harm, humiliation, and mental stress.... Moreover, Cannella fails to specify what type of physical harm he suffered. Cannella merely states, in general terms, that he suffered emotional distress. He fails to provide any factual support for this allegation. Finally, Cannella has not alleged facts to support a claim that any Cordell employee knew severe emotional distress would result from the alleged conduct.

Nor has plaintiff pled himself out of court in Count III, as plaintiff could prove facts consistent with the allegations of the complaint that would entitle him to relief.

■ Finally, defendant contends that Count I must be dismissed on the following grounds:

> Cannella has failed to state a claim for relief under the Age Discrimination in Employment Act. A plaintiff may prove a claim for age discrimination through either direct or circumstantial evidence. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). However, in order to survive a motion to dismiss, a plaintiff must, at the least, plead facts from which discrimination may be inferred. *See, e.g., Hamler v. Board of Education of School District 88, Cook County*, 1987 WL 18327 *1 (N.D.Ill. 1987). A complaint which contains nothing more than naked assertions and which sets forth no facts upon which a court could find discrimination, does not raise an inference of discrimination and is wholly insufficient to state a claim upon which relief can be granted. Hamler, 1987 WL 18327 *1.

> In this case, Cannella has failed [to] set forth a claim for age discrimination through either a direct or circumstantial method of proof. As such, Count I fails to state a claim upon which relief can be granted and it must be dismissed.

Defendant seems to be somewhat confusing direct and indirect proof of discrimination in employment with direct and circumstantial evidence. Defendant also fails to distinguish between a claim of discrimination from what methods may be used to prove that claim. And despite whatever might be stated in an unpublished 1987 district court opinion, this court asserts again that the standard by which the sufficiency of the allegations of this complaint is to be judged is that set forth by the Seventh Circuit in, among other cases, its 1992 opinion in *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir.1992), i.e., "whether relief is possible under any set of facts that could be established consistent with the allegations."

■ The complaint alleges:

8. Because of plaintiff's age, defendant willfully terminated plaintiff's employment.

9. The circumstances under which defendant discriminated against plaintiff were as follows:

> a. plaintiff was 55 years old at the time of his discharge;

> b. plaintiff's employment was terminated on January 18, 1997, without warning for pretextual reasons;

> c. no reason was given by defendant for plaintiff's termination.

This is enough to give notice to defendant of the claim being made by plaintiff and, again, plaintiff could prove a set of facts consistent with Count I that would entitle him to relief.

ORDERED: The motion to dismiss of defendant, Cordell Enterprises, is denied in its entirety.