NAPOLEON HARDWOODS,
INC., Plaintiff–Appellee,

v.

PROFESSIONALLY DESIGNED
BENEFITS, INC., Defendant–
Appellant.

No. 92–1511.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 1, 1992.

Decided Jan. 27, 1993.

Larry L. Eaton, Eaton & Romweber, Versailles, IN, for plaintiff-appellee.

Charles A. Sweeney, Jr., Sweeney, Pfeifer & Blackburn, South Bend, IN, Barry N. Bitzegaio, Timothy J. Naville, Lorch & Naville, New Albany, IN, for defendant-appellant.

Before BAUER, Chief Judge, POSNER, Circuit Judge, and WILL, Senior District Judge.[*]

WILL, Senior District Judge.

This suit was originally filed in Indiana state court by Napoleon Hardwoods (Napoleon) which alleged that Professionally Designed Benefits (PDB) had breached a contract to obtain insurance and negligently performed a duty arising under a contract to procure insurance. PDB petitioned to have the case removed to federal court on the basis of asserted ERISA issues. The case was removed, and the magistrate judge found that there was federal question jurisdiction under ERISA, 29 U.S.C. § 1132(e). A bench trial followed at which the magistrate judge found that the defendant had been negligent in procuring insurance. Napoleon had been sued in state court by a former employee who had tried to elect continued health coverage under the COBRA[1] amendments to ERISA, but had been unsuccessful because of the events surrounding Napoleon's change of insurance carriers. Napoleon had been forced to pay for over $17,000 in medical bills, plus $80,000 in punitive damages fol-

---

[*] The Honorable Hubert L. Will, Senior District Judge of the United States District Court for the Northern District of Illinois, Eastern Division, is sitting by designation.

[1] The Comprehensive Omnibus Budget Reconciliation Act of 1985.

lowing the state court action. It sought to recover these amounts from PDB. The magistrate judge awarded plaintiff $17,201 damages—the amount of the medical bills—but denied indemnification for the amount of the punitive damages, finding that would be contrary to state policy. This appeal followed.

Although several challenges were made to the court's findings of fact and conclusions of law, it is not necessary to give further facts from this case since we rest our decision on the jurisdictional issue raised.

\* \* \* \* \* \*

■ It is perhaps unseemly for a defendant, which asked for a suit to be removed to federal court, to claim there is no federal jurisdiction because it is displeased with the outcome. However, since jurisdiction cannot be waived, and, if in doubt, we would even have to raise it sua sponte, the issue must be addressed. *Mansfield, Coldwater & Lake Michigan Railway Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884). Jurisdiction cannot be based on consent of the parties; even the party which invoked federal jurisdiction may later challenge it as PDB has done here. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17–18, 71 S.Ct. 534, 541–42, 95 L.Ed. 702 (1951).

■ Under 28 U.S.C. § 1331, district courts have federal question jurisdiction in civil cases "arising under the Constitution, laws, or treaties of the United States." The test for whether a case arises under the Constitution or laws of the United States was explained in *Franchise Tax Board v. California Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Under the well-pleaded complaint rule, federal law must create the cause of action, or some substantial, disputed question of federal law must be an element in the claim. *Franchise Tax Board*, 463 U.S. at 27–28, 103 S.Ct. at 2855–56. Napoleon's claim for breach of a contract or negligent performance of a duty imposed by a contract to procure insurance is a state law claim. It is not a cause of action created by federal law.

Thus, the only basis of jurisdiction would be if a substantial question of federal law was an element of Napoleon's state law claim. Napoleon's complaint mentions COBRA twice. One is in a factual allegation—that a former employee, James Peetz elected coverage under COBRA. This is not a disputed issue. The second is that Napoleon is responsible under COBRA for Peetz to be able to continue his insurance coverage. Arguably this is an element of Napoleon's state law claim—if it had not been liable under COBRA, it would not have suffered any damages from the defendant's negligence. However, Napoleon's liability under COBRA was not a disputed question, it had already been established in the suit brought by Peetz. On the face of the complaint, there was no federal question, only the state breach of contract or breach of duty questions.

Plaintiff relies on *Mackey v. Pioneer National Bank*, 867 F.2d 520 (9th Cir.1989). In that case a former employee sued for breach of contract, negligent misrepresentation, and violation of COBRA and the case was removed to federal court because of the COBRA claim. Eventually the COBRA claim was dismissed, but the court ruled on the remaining state law claims based on pendent jurisdiction. That case is no support for Napoleon here, because there was never a claim in the federal court based on COBRA, and therefore no basis for the exercise of pendent jurisdiction.

The district court found jurisdiction based on 29 U.S.C. § 1132(e). That provision of ERISA states:

[T]he District Courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the secretary or by a participant, beneficiary, or a fiduciary.

29 U.S.C. § 1132(e)(1). This provision does not apply to this case because Napoleon is neither the secretary, a participant, beneficiary or fiduciary as those terms are defined by ERISA. In fact, Napoleon has not even attempted to argue that it fits one of those categories.

Napoleon states that it seeks indemnification for liability that COBRA exposed it

to, but neither COBRA nor ERISA creates or acknowledges such a cause of action for indemnification. There is simply no basis for federal jurisdiction in this case.

The judgment of the district court is reversed and the case dismissed for lack of federal jurisdiction.