**LANDMARK CREDIT UNION, Plaintiff,**

v.

**Joan M. DOBERSTEIN, Defendant.**

**Case No. 10–CV–932.**

United States District Court, E.D. Wisconsin.

Oct. 20, 2010.

Eric H. Rumbaugh and Luyis Ivan Arroyo, Michael Best & Friedrich LLP, Milwaukee, WI, for Plaintiff.

Charles W. Pautsch, Jesse R. Dill, Lisa A. Baiocchi Jackson Lewis LLP, Brookfield, WI, Eric S. Richards, Mika Meyers Beckett & Jones PLC, Grand Rapids, MI, for Defendant.

## ORDER

J.P. STADTMUELLER, District Judge.

On October 17, 2010, the above-captioned case was removed by the defendant from Waukesha County Circuit Court to this court. (Docket # 1). Two days later, on October 19, 2010, the plaintiff filed a motion for a temporary restraining order.

(Docket # 4). Before this case proceeds any further, an examination of whether this court has jurisdiction to hear the case in the first instance becomes necessary. *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.").

It is a familiar axiom that "federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). A federal court possesses "only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Id.* Federal subject matter jurisdiction is present when: (1) the claim or claims presented rest on a question of federal law, *see* 28 U.S.C. § 1331; or (2) the claim is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. § 1332. Here, the latter basis for jurisdiction is unavailable as a primary source of jurisdiction as the parties both are residents of the state of Wisconsin.[1] Accordingly, the only possible basis for this court's jurisdiction is that this case rests on a question of federal law.

Federal question jurisdiction is a product of the Judiciary Act of 1875, which provided: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

The Supreme Court has held that the question of whether a claim "arises under" federal law must be determined by reference to the well-pleaded complaint.[2] *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Tr.*, 463 U.S. 1, 9–10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Specifically, a case arises under federal law for purposes of Section 1331, "if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006) (quoting *Franchise Tax Bd. of Cal.*, 463 U.S. at 27–28, 103 S.Ct. 2841).

The defendant asserts that the court has subject matter jurisdiction to hear this case because Landmark is seeking relief for alleged violations of the federal Computer Fraud Abuse Act ("CFAA"), 18 U.S.C. § 1030(a) and (g). (Notice of Removal ¶ 3). Accordingly, the court must examine whether the plaintiff's complaint establishes that federal law creates the cause of action. *Franchise Tax Bd. of Cal.*, 463 U.S. at 27–28, 103 S.Ct. 2841. The complaint itself asserts that on October 1, 2010, Doberstein, an employee of Landmark, informed the plaintiff that she was resigning her position. (Compl. ¶ 23). The complaint further states that Doberstein: (1) contacted her clients from Landmark in an effort to solicit them as clients

---

1. According to the complaint filed in state court, the plaintiff Landmark Credit Union ("Landmark"), is a Wisconsin corporation with its principal place of business in Wisconsin. (Compl. ¶ 1). The defendant, Joan M. Doberstein ("Doberstein"), is an adult resident of Wisconsin. (Compl. ¶ 3).

2. The court is aware that "[j]urisdiction under the federal question statute is not defeated by the possibility that the averments, upon close examination, might be determined not to state a cause of action." *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316–1317 (7th Cir.Ill.1997). The "common-sense exception" to this rule is when the federal statute "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.* The court finds that the exception to the rule governs this matter.

for her new employer, *id.* at ¶¶ 26–28; (2) sent emails containing client lists that included sensitive client information from her work email at Landmark to her personal email address, *id.* at ¶¶ 29–31; and (3) "accessed and switched" password protected web profile pages from investment providers such that Landmark's clients appeared as if they were affiliated with the defendant's new employer. *Id.* at ¶¶ 37–38. The complaint alleges that the defendant was not authorized to take the actions that she did because of the terms of her underlying employment agreement. *Id.* at ¶¶ 14–20. Finally, the complaint asserts that Landmark has suffered injuries in excess of $5,000. *Id.* at ¶ 66.

The CFAA, while primarily a criminal statute, provides a private right of action: "[a]ny person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." 18 U.S.C. § 1030(g). Section 1030(a) lists the actions giving rise to such violations. Additionally, plaintiffs must allege the existence of at least one of the five numbered clauses of § 1030(c)(4)(A)(i). 18 U.S.C. § 1030(g). "In short, a person suing under section 1030(g) must prove: (1) damage or loss (2) by reason of (3) a violation of section 1030(a), and (4) conduct involving one of the factors set forth in section [1030(c)(4)(A)(i) ]." *Motorola, Inc. v. Lemko Corp.,* 609 F.Supp.2d 760, 765 (N.D.Ill. 2009). With respect to the third element of a Section 1030(g) claim, the plaintiff alleges that Doberstein violated Section 1030(a)(5)(B), (Compl. ¶ 67), which in turn describes conduct where a person "intentionally accesses a protected computer without authorization, and, as a result of such conduct, recklessly causes damage." 18 U.S.C. § 1030(a)(5)(B).

■ However, there are several fatal flaws with the core of the federal claim, the allegation that Doberstein "intentionally accessed a protected computer without authorization" and "recklessly cause[d] damage."[3] First, the term "damage" has a very specific definition under the CFAA. Damage is defined as "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). The plaintiff's allegations indicate that, at best, the defendant accessed and disclosed information from Landmark's computer. (Compl. ¶¶ 29–31, 37). However, seemingly every court in this circuit that has interpreted the meaning of the word "damage" in the CFAA has held that "damage" does not "encompass harm from the mere disclosure of information" and the CFAA "is not intended to expansively apply to all cases where a trade secret has been misappropriated by use of a computer." *United States Gypsum Co. v. Lafarge N. Am.,* 670 F.Supp.2d 737, 744 (N.D.Ill.2009); *Garelli Wong & Assocs. v. Nichols,* 551 F.Supp.2d 704, 710 (N.D.Ill.2008) ("[A] civil violation of the CFAA requires 'impairment to the integrity or availability of data, a program, a system, or information' ... [a]llegations of trade secret theft and misappropriation do not suggest such a violation"); *Sam's Wines & Liquors, Inc. v. Hartig,* No. 08–CV–570, 2008 WL 4394962, at *3–4, 2008 U.S. Dist. LEXIS 76451, at *8 (N.D.Ill. Sept. 24, 2008) In fact, the Seventh Circuit, in the only case in which the Court of Appeals has interpreted the civil remedy in the CFAA, has noted that Congress crafted Section 1030(a)(5)(B) of the CFAA because of a concern to thwart "attacks by

---

**3.** The court well appreciates that the drafter of this complaint likely never intended this case be heard in federal court. This fact only confirms the court's ultimate conclusion about whether this court is an appropriate forum for this case.

disgruntled programmers who decide to trash the employer's data system on the way out" of the company. *Int'l Airport Ctrs., L.L.C. v. Citrin*, 440 F.3d 418, 419 (7th Cir.2006) (dictum). Such conduct is light-years away from the conduct alleged by the plaintiff of the defendant. There is virtually no support for the proposition that merely accessing and disseminating information from a protected computer suffices to create a cause of action under the CFAA. The CFAA claim borders on the frivolous, and the court can only surmise that the CFAA claim was alleged in an attempt to artificially create federal jurisdiction for this case.

█ However, there are even more problems the court has found with the plaintiff's sole federal claim. In order to establish a violation of the CFAA premised on conduct entailed in Section 1030(a)(5)(B), the plaintiff must plead that the defendant was using a "protected computer." A "protected computer" is defined under the Act as a computer that is: (1) "exclusively for the use, used by or for a financial institution"; (2) "in the case of a computer not exclusively for use, used by or for a financial institution ... and the conduct constituting the offense affects that use by or for the financial institution"; or (3) "used in or affecting interstate or foreign commerce or communication." 18 U.S.C. § 1030(e)(2). A "financial institution" is another term defined under the Act that has specific requirements for the institution in question, such as having the institution have "deposits insured by the Federal Deposit Insurance Corporation."

18 U.S.C. § 1030(e)(4). Here, the complaint fails to allege or otherwise provide details concerning the nature of the use of the computer from which the defendant engaged in her underlying conduct, such as stating whether a financial institution exclusively used the computer in question. Moreover, the complaint fails to disclose whether Landmark meets the requirements of being a "financial institution" under the CFAA.[4] Reviewing the complaint as it stands, the sole federal claim is woefully insufficient to create jurisdiction and, voiced in a most charitable tone, is a less than serious claim. *See Hagans v. Lavine*, 415 U.S. 528, 536, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (holding that "the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit"); *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946) (recognizing the rule that courts may dismiss a claim that "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.").

█ However, beyond these rather basic errors in pleading a claim under the CFAA, the plaintiff's complaint has another troubling flaw. A civil claim whose basis is Section 1030(a)(5)(B) must allege that the defendant accessed a protected computer "without authorization." The term "without authorization" is not specifically defined under the CFAA,[5] but Landmark's entire complaint alleges that the defendant was not authorized to "access" the comput-

---

**4.** The court is not stating that Landmark is not a financial institution under the Act. The court is merely stating that there is not a viable federal claim within the pleadings presented to the court.

**5.** In contrast, the term "exceeds authorized access" is defined under the CFAA, albeit in a

rather circular manner, stating that the term means "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain." 18 U.S.C. § 1030(e)(6).

er in question because of the underlying employment agreement Doberstein had with Landmark and the inherent duties Doberstein owed to Landmark. (Compl. ¶¶ 15–20, 30–31, 46–52, 73–77). In the context of the specific violation of the CFAA alleged by the plaintiff in its complaint, the only way this court could find that the defendant is liable under the CFAA is by evaluating the underlying state breach of contract and breach of duty claims, as Doberstein's authorization to access the computer in question is a product of the scope of her duties to Landmark under Wisconsin law. Moreover, based on the above discussion regarding the basic flaws with the complaint and based on the defendant's answer, the court can conclude that the federal claim, and indeed the entire case, is premised on whether the plaintiff had a valid contract with the defendant and whether the defendant owed any duties to the plaintiff as an employee. The Seventh Circuit case law is clear: when a federal law claim is "entirely derivative" of state law issues, the dispute in question does not "arise under" federal law and the court does not have jurisdiction to hear the case. *Int'l Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912, 916 (7th Cir.2001) (holding as such in the context of a trademark dispute that hinged on the interpretation of a contract); *see also Spearman v. Exxon Coal USA*, 16 F.3d 722, 725 (7th Cir.1994). Moreover, the fact that the plaintiff's entire brief in support of its motion for a temporary restraining order ignores the sole federal claim, in favor of arguing that Landmark has a reasonable probability of success on its state law claims, paints a very telling picture about the nature of this case. (Docket # 5). *Cf. Int'l Armor & Limousine Co.*, 272 F.3d at 916 ("The decision of the district court, and the parties' briefs in this court, are all about [state law claims]; [the federal claim] receives scarcely a sidelong glance.") In short, it can be fairly said that the claim of federal law in this case is, at best, insubstantial. Because federal courts are courts of limited jurisdiction, there is a presumption against the exercise of jurisdiction, *Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673, a presumption the parties have not overcome.

Finally, the court notes that even were it the case that the plaintiff properly plead a CFAA claim and the claim was a substantial matter of federal law, it would not be an abuse of the court's discretion to remand the remainder of the case such that the state court resolve the state law claims. *See* 28 U.S.C. § 1441(c) (providing that, in a case removed on the basis of a separate and independent federal claim, a court "in its discretion, may remand all matters in which State law predominates"); *Carl Heck Eng'rs, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 136 (5th Cir.1980) ("[W]here a case is removed on the basis of a separate and independent claim arising under federal law, it is advisable to remand the nonfederal portion of the case to state court[.]") However, given the problems with the only federal claim in this case, the court finds it necessary to remand the entire case for want of jurisdictions.[6]

Accordingly,

---

**6.** The court notes that the defendant raises a counterclaim for violations of the Federal Equal Pay Act. The counterclaim, however, does not create federal jurisdiction, as an action only "arises under" a federal law when a "federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). As a corollary to this rule, the United States Supreme Court holds that federal jurisdiction cannot rest upon a counterclaim. *Vaden v. Discover Bank*, — U.S. —, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009). Indeed, even a compulsory counterclaim cannot establish "arising under" jurisdiction. *Id.*

IT IS ORDERED that this case be and the same is hereby REMANDED back to the Waukesha County Circuit Court from where it was removed;

IT IS FURTHER ORDERED that the plaintiff's motion for a temporary restraining order (Docket # 4) be and the same is hereby DENIED as moot.

The clerk of the court is directed to take all necessary steps to effectuate this remand.